```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

**ROY L. CLARK,**                         :

    **Petitioner,**                    :

**vs.**                                   :   CIVIL ACTION 08-00657-KD-B

**LOUIS BOYD,**                           :

    **Respondent.**                    :

## REPORT & RECOMMENDATION

Roy L. Clark, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 6). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Upon careful consideration, it is recommended that this action be dismissed without prejudice to allow Clark the opportunity to exhaust his state remedies.

## FINDINGS OF FACT

On June 5, 2008, Clark pleaded guilty to first degree theft of property in violation of Ala. Code § 13A-8-3 (1975) in the Mobile County Circuit Court and was sentenced to five years imprisonment.

(Docs. 6, 10). On the same date, Clark gave notice of appeal. (Doc. 10, Ex. A). On June 26, 2008, Clark's trial counsel, Pete Palughi, filed a motion to reconsider sentence, a motion for new trial, and a motion for leave to proceed in forma pauperis. (Id.) The motion to reconsider sentence and motion for new trial were subsequently denied. The circuit court, also on June 26, 2008, appointed attorney Glenn Davidson to represent Clark on direct appeal. (Id.) Clark's notice of appeal was sent by the circuit court to the Alabama Court of Criminal Appeals on June 27, 2008, and the appellate court received the notice on July 2, 2008. (Doc. 10, Exs. A, B).

On November 7, 2008, Clark filed the instant petition for habeas corpus relief challenging the voluntariness of his guilty plea. (Doc. 1).[1] Respondent's Answer to Clark's habeas petition contains the defense that Petitioner has failed to exhaust his claims for habeas corpus relief as required by 28 U.S.C. § 2254(b)(1).  (Doc. 10).  Specifically, Respondent submits that Clark's direct appeal is currently pending in the Alabama Court of Criminal Appeals, awaiting dispensation.[2] (Id.)

## CONCLUSIONS OF LAW

---

[1] Clark filed an amended petition in this Court on January 9, 2009. (Doc. 6). Petitioner's amended petition supersedes his original petition. Fritz v. Standard Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982)("Under the Federal Rules, an amended complaint supersedes the original complaint.").

[2] Clark admits in his amended petition that the direct appeal of his conviction and sentence is pending. (Doc. 6, pp. 3, 6).

Section 2254(b)(1) provides that a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State." A habeas claim is not exhausted so long as a petitioner "has a right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). More precisely, "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[3] Id. at 845; see also Kelley, 377 F.3d at 1344 ("The petitioner must present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim.'"); cf. Preiser v. Rodriquez, 411 U.S. 475, 477 (1973) ("If ... habeas corpus is the exclusive federal remedy ..., then a

---

[3]In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court. See Ala. R. App. P. 4, 39, 40.

[petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

A habeas claim is deemed exhausted when "it is fair to assume that further state proceedings would be useless." Castille v. Peoples, 489 U.S. 346, 351 (1989). This standard is met when the precise issues raised in a habeas corpus petition have been "fairly presented" to the state's highest court. Id. (citing Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971)).  The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" Id. (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. See Anderson v. Harless, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982). In fact, if state supreme court review is part of a state's ordinary appellate review process, each claim raised in Petitioner's request for habeas relief must be exhausted to the state's highest court, Kelley, 377 F.3d 1317 at 1345, and the burden rests with the petitioner to show that all claims have been fairly presented to that court. See Rose v. Lundy, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to

federal court, be sure that you first have taken each one to state court."); Reedman v. Thomas, 305 Fed. Appx. 544, 545 (11th Cir. 2008) ("[T]he petitioner must present fairly every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.").

In addition, the exhaustion requirement is excused if "there is either an absence of available State corrective process[] or ... circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. See Allen v. State of Alabama, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. See, e.g., Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S. Ct. 1478, 117 L. Ed.2d 621 (1992); Cook v. Florida Parole & Probation Comm'n, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. See, e.g.,

Clarke v. Grimes, 374 F.2d 550, 551 (5th Cir. 1967) ("[T]he federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

The face of Clark's petition clearly establishes that the claims presented in his habeas petition have not been fully exhausted in the state courts. Specifically, Clark's direct appeal remains pending in the Alabama Court of Criminal Appeals. Therefore, after a thorough review of the record, the Court finds that Respondent is correct in asserting that Petitioner has failed to exhaust State remedies which are available to him in order to challenge his conviction and sentence. For that reason, the undersigned recommends that Clark's habeas petition be dismissed without prejudice, so that Petitioner may fully exhaust his remedies in the Alabama state courts.

## CONCLUSION

The undersigned recommends that this action be dismissed without prejudice because Clark has failed to exhaust his available state remedies.

The attached sheet contains important information regarding this report and recommendation.

**DONE** this **28th** day of **July, 2009.**

                    /S/ SONJA F. BIVINS
          **UNITED STATES MAGISTRATE JUDGE**

6

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.